UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOEL ANTHONY CEASER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-411** |
| **DISTRICT ATTORNEY EDDIE JORDAN ET AL.** | **SECTION "F" (2)** |

### REPORT AND RECOMMENDATION

Plaintiff, Noel Anthony Ceaser, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Eddie Jordan, an unknown Assistant District Attorney for Section G and Orleans Parish Criminal District Judge Julian Parker.

Ceaser alleges that he was improperly charged with and is being improperly prosecuted for armed robbery. He further asserts that he has been denied the right to a speedy trial and that the delays for instituting trial have elapsed. He seeks damages and other relief. Record Doc. No. 1, Complaint at ¶ IV & attachment.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

II.     SECTION 1983 CLAIMS

A.     JUDICIAL IMMUNITY

Plaintiff's claims against Judge Parker are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-

42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief is not available to Ceaser in this Section 1983 action against Judge Parker. See Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Ceaser seeks an order of this court directing Judge Parker to take some action concerning Ceaser's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275,

5

1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002) (Fitzwater, J.); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court in which plaintiff's case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

To whatever extent, if any, that Ceaser seeks declaratory and injunctive relief against Judge Parker and the other defendants, his claims against Judge Parker are within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Ceaser's suit for injunctive relief against Judge Parker. To the extent Ceaser seeks declaratory relief against Judge Parker regarding the validity of his detention, that relief must be sought through petition for writ of habeas corpus and not under Section 1983, as is addressed later in this report. For these reasons, all of Ceaser's claims against Judge Parker must be dismissed as frivolous or for failure to state a claim for which relief can be granted.

B.   PROSECUTORIAL IMMUNITY

Orleans Parish District Attorney Jordan and an unnamed Assistant District Attorney for Section G have been named as defendants in this case based solely upon their actions as prosecutors in connection with state court criminal proceedings brought

against Ceaser. However, the district attorney and his assistant are immune from suit for damages in this instance.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of

his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. Supreme Ct. of Va. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)). Ceaser does not appear to seek anything but monetary damages.

To the extent that plaintiff might be seeking declaratory and/or injunctive relief to obtain his release from jail, the prosecutor is not immune from the declaratory and injunctive relief suit. However, plaintiff's claims against Jordan and his assistant district attorney are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994), as discussed below, without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition as is further addressed later in this opinion.

C.    HECK APPLICATION TO SECTION 1983 CLAIMS

Read broadly, Ceaser's complaint may be seeking declaratory and injunctive relief as to his claims. In either case, his claims must be dismissed at this time. In Heck, the United States Supreme Court held that a civil action for alleged civil rights violations that

8

attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Among other things, he challenges the charge

9

of armed robbery for which he is being prosecuted, denial of his right to a speedy trial and the expiration of the statutory period for bringing him to trial.

Ceaser has not yet been convicted of any charge and no conviction has been set aside in any of the ways described in Heck. Thus, any claims for relief that plaintiff asserts attacking his continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.   HABEAS CORPUS CLAIMS

As noted above, Ceaser's complaint in part challenges the very fact and duration of his confinement. Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his confinement and may be seeking his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin.

reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although Ceaser filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  Id. (citing Picard, 404 U.S. at 275-78; Nobles,

127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Ceaser alleges on page two of his petition that he has attempted state court remedies. However, Ceaser does not allege and there is no proof that he has exhausted his state court remedies in connection with his pending criminal charge.

On the contrary, on the first page of his complaint, Ceaser indicates that he has not begun any other civil lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, at p.1, ¶ I(A). He also does not indicate that he sought review of any of Judge Parker's rulings. Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Ceaser has filed a lawsuit against the State of Louisiana, No. 2007-KH-345, in the Louisiana Supreme Court on February 16, 2007, but that case is still pending. He has not otherwise sought review in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal proceeding, before returning to this court with a properly filed habeas corpus petition.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        New Orleans, Louisiana, this __27th__ day of February, 2007.

                            JOSEPH C. WILKINSON, JR.
                        UNITED STATES MAGISTRATE JUDGE